IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:11-CR-00038-L |
| ROBERT HAGUE-ROGERS | § | |

MOTION TO REVOKE PRETRIAL RELEASE

The United States Attorney for the Northern District of Texas moves that the pretrial release of Defendant Robert Hague-Rogers be revoked and in support thereof would show the Court as follows:

1. On February 23, 2011, an Indictment was returned against Defendant Hague-Rogers.

2. On February 28, 2011, Defendant Hague-Rogers was released from custody on an Order Setting Conditions of Release (Order) entered by United States Magistrate Court Judge Paul D. Stickney.

3. One condition of the Order required that Defendant Hague-Rogers not violate any federal, state or local law. Another condition of the Order was that Defendant avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: "[n]o contact with former or current employee regarding this indictment. Do not have any conversation about this case."

4. On July 19, 2011, the Grand Jury returned a Superseding Indictment against Defendant Hague-Rogers charging him with additional counts of wire fraud that covered unlawful conduct committed up to and including April 2011. On March 16, 2012, Defendant Hague-Rogers pled guilty to a two-count Superseding Information, wherein he admitted committing fraud for a period of time through April 2011, during which he was on conditions of pretrial release. Defendant's plea of guilty was accepted by United States District Judge Sam A. Lindsay.

5. On July 7, 2011, United States District Judge Sam A. Lindsay entered a Memorandum Order and Opinion Granting Preliminary Injunction that, in pertinent part, enjoined Defendant Hague-Rogers from:

> [f]urnishing, causing the arranging of the purchase or selling of, or offering to furnish, arrange for the purchase of, or sale of any investment, insurance, captive insurance, consulting or business service, however characterized, or related product, retirement plan, single employer trust, or any other investment, or providing consulting services for the creation of captive insurance companies, whether under or relating to a health care benefit program as defined in 18 U.S.C. § 24(b), and regardless of whether such items or services are backed by ERISA or any state or federal agency, program, or regulated by such an entity.
>
> ***
>
> [f]rom transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, cash, checks, or other assets or property, real or personal, owned, possessed, controlled, gained or acquired by Defendant Hague-Rogers or any other business or company he owns, operates or exercises control over[ ]

*See July 7th Mem. Order and Op.* at 6 and 7.

6. The July 7th Memorandum Order and Opinion further ordered that Defendant "Hague-Rogers' conditions of pre-trial release be modified to reflect the requirements of this order and preliminary injunction . . ." *Id*. at 9.

7. On December 6, 2011, defendant Hague-Rogers sent an electronic mail communication to J.F. discussing his criminal case, knowing that J.F. was a victim or potential witness. Further, Defendant Hague-Rogers entered into a business relationship with J.F., knowing that J.F. was a victim and/or potential witness in the criminal case.

8. From at least 2011 until the Defendant's interviews with United States Probation Officer Karen Collins, Defendant Hague-Rogers was involved in the marketing and sales of malpractice insurance to physicians. In fact, Defendant Hague-Rogers had written agreements with J.F. specifically to facilitate their joint marketing and sale of insurance products to J.F.'s physician-clients. Such conduct violates the Defendant Hague-Rogers' conditions of release and the July 7th Memorandum Order and Opinion.

9. On March 23, 2012, Defendant Hague-Rogers sold real property also in violation of his conditions of release and the July 7th Memorandum Order and Opinion.

10. Defendant Hague-Rogers committed a federal crime, communicated with a victim and/or potential witness in the case about the facts of the criminal matter, and dissipated assets, all in violation of the Order. Based on Defendant Hague-Rogers' pattern of criminal conduct, violation of conditions of pretrial release, and inability to abide by such conditions, the United States requests that the pretrial release of Defendant be revoked and that Hague-Rogers be detained pending sentencing.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


   /s/ Sean McKenna
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
SEAN MCKENNA
Assistant United States Attorney
Texas State Bar No. 24007652
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214.659.8600
Facsimile:  214.767.2916
Email:       errin.martin@usdoj.gov
Email:       sean.mckenna@usdoj.gov

CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing Motion to Revoke Pretrial Release was served on opposing attorney via ECF on August 29, 2012.


   /s/ Sean McKenna
SEAN MCKENNA
Assistant United States Attorney