**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:11-CR-038-01-L** |
| | § | |
| **ROBERT HAGUE-ROGERS**, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| **J.P. MORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Robert Hague-Rogers' ("Hague-Rogers" or "Defendant")
Response and Objections to the Application for Writ of Garnishment; and Order for Issuance of
Writ of Garnishment: and Clerk's Notice of Exceptions and Hearing Request Form Motion to
Suspend or Revoke, Garnishment and Claim of Violations ("Motion to Suspend or Revoke
Garnishment") (Doc. 103), filed August 26, 2015; Defendant's Claim for Exemptions, Request for
Hearing, and/or Request for Transfer (Doc. 104), filed August 26, 2015; the Government's
Response to Objections and Claim for Exemptions and Request for Hearing; and Defendant's
Reply.

On October 31, 2012, Defendant was sentenced to a term of 60 months on Counts One and
Two of the Superseding Indictment to be served consecutively after he pleaded guilty on both
counts.  On March 6, 2013, the court entered an amended judgment to include a restitution order
in the amount of $12,863,890.52.  On July 2, 2015, the United States filed its *ex parte* application

for writ of garnishment, and on July 13, 2015, the application was granted.   The Clerk's Notice of Exemptions and Hearing Request Form was sent to Defendant following the court's July 13, 2015 order.  The notice included a list of applicable exemptions and instructions on how Defendant may request a hearing.

On August 26, 2015, Defendant filed the Motion to Suspend or Revoke Garnishment.  In his motion, Defendant contends that his plea agreement was coerced.  Pursuant to his plea agreement, Defendant pleaded guilty to conspiracy to commit theft or embezzlement from an employee benefit plan, and conspiracy to commit healthcare fraud.  Defendant, however, argues that he pleaded guilty to conspiracy to commit wire fraud and conspiracy to commit healthcare fraud.  He alleges the restitution amount ordered is based on nine counts of conspiracy to commit wire fraud; two counts of wire fraud; conspiracy to commit theft or embezzlement form an employee benefit plan; two counts of theft or embezzlement from an employee benefit plan; and two counts of healthcare fraud.  Defendant, however, was only charged with nine counts total, not nine counts of conspiracy to commit wire fraud.   Further, Defendant's plea agreement included notice that the court's sentence could include "restitution to victims or to the community, which is mandatory under the law, and which [Defendant] agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense conviction alone."  The Government argues that the court does not have jurisdiction to address Defendant's motion because he seeks to collaterally attack the restitution order imposed at sentencing.

Once a district court has imposed a sentence on a defendant, there must be a jurisdictional basis for the court to review the sentence imposed. *United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994).  Defendant's motion cannot be construed to provide any jurisdictional basis for the court's review.  Defendant's motion attacks the legality of the restitution order, and 28 U.S.C. §

2255 is the primary means to collaterally challenge a federal sentence. *Francis v. U.S.*, 615 F. App'x 218 (5th Cir. 2015). This motion cannot be construed as a § 2255 motion because Defendant previously filed a motion to vacate pursuant to 28 U.S.C. § 2255. That motion is currently under consideration in a new civil action. Further, complaints concerning restitution cannot be challenged pursuant to § 2255. *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999). Section 2255 proceedings relate only to the legality of custody, not fines. *Id.* Defendant's motion also cannot be construed as a motion pursuant to Federal Rule of Criminal Procedure 35(a), as it was not timely filed. Such motion must be filed within fourteen days of sentencing and allows the district court to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35 (a); *United States v. Campbell*, 552 F. App'x 339, 343 (5th Cir. 2014). Defendant's current motion was filed August 26, 2015, almost twenty-two months after he was sentenced. For all of these reasons, there is no jurisdictional basis for the court to consider Defendant's Motion to Suspend or Revoke Garnishment. The motion is, therefore, **denied** for lack of jurisdiction.

On August 26, 2015, Defendant also filed his Claim of Exemptions and Request for Hearing. Defendant contends that he is exempt from garnishment because he is incarcerated and, therefore, the garnishment was invalid. The Government contends that that Defendant's claim for exemptions and request for hearing form was not timely filed. The Clerk's Notice of Exemption/Hearing Request form was mailed to Defendant following the court's July 13, 2015 order. Pursuant to 28 U.S.C. § 3202(b), a hearing must be requested within twenty days of receipt of the notice. Defendant asserts that he did not receive the form until August 7, 201,5 and his Claim for Exemptions, Request for Hearing was filed on August 26, 2015. If he received the

clerk's notice August 7, 2015, his request was timely filed.[*]  The form sets forth 10 exemptions to garnishment, pursuant to 18 U.S.C. § 3613. *See* Clerk's Notice of Exemptions and Hearing Request Form (Doc. 97-3).  Defendant claims an exemption because he is incarcerated; however; the form, which reflects the applicable law, does not provide an exemption for being incarcerated. Accordingly, the court **denies** the Request for Hearing and Claims for Exemption.

After consideration of the record, the court **denies** Defendant's Response and Objections to the Application for Writ of Garnishment; and Order for Issuance of Writ of Garnishment: and Clerk's Notice of Exceptions and Hearing Request Form Motion to Suspend or Revoke, Garnishment and Claim of Violations ("Motion to Suspend or Revoke Garnishment") (Doc. 103) and Defendant's Claim for Exemptions, Request for Hearing, and/or Request for Transfer (Doc. 104).

**It is so ordered** this 10th day of December, 2015.


Sam A. Lindsay
United States District Judge

---

[*] As the court is denying Defendant's Claim for Exemptions and Request for Hearing on other grounds, it need not determine whether the form was timely filed.